**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA  :
                                                      :
V.                                                     :        CRIMINAL NO. 09-794
                                                      :
RAYMOND HORSCH                        :

## ORDER

AND NOW this            day of                    , 2010, it is hereby ORDERED and

DECREED that the physical evidence seized from Mr. Horsch's home at 520 Airy Avenue,

Chalfont, PA, is suppressed.


BY THE COURT:


_____
                                                                                J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA : 
: 
V. :   CRIMINAL NO. 09-794
: 
RAYMOND HORSCH :

## MOTION TO SUPPRESS PHYSICAL EVIDENCE

Raymond Horsch, by his attorney, Jerome M. Brown, Esquire, hereby move this Honorable Court to suppress all the physical evidence seized from Mr. Horsch's home at 520 Airy Avenue, Chalfont, PA, and, in support thereof, states the following:

1. Petitioner was arrested and charged with manufacturing marijuana, possession with intent to distribute marijuana plants, and weapons offenses after Bucks County Detectives and Chalfont Pennsylvania Police executed search and seizure warrant at the premises of 520 Airy Avenue, Chalfont, Pennsylvania.

2. The origin of this search warrant was a "9-1-1" call by Nicole Marie Montgomery, who was staying at Mr. Horsch's premises on July 22, 2009, and thought that there was a possible burglar at the premises.

3. As a result of this "9-1-1" call, the police entered the premises to check for evidence of such intruder.

4. After their initial check and finding no intruder on the upper floors of the home, they exited the premises.

5. While outside, the police asked Ms. Montgomery if they wanted her to go down into the basement as that door was almost completely shut, but was not. Ms. Montgomery stated that that door was always locked and she had

never been down in that area. Accordingly, it is clear that she did not have permission to use that part of the premises, nor did she have permission to provide the police with permission to enter that part of the premises.

6. In fact, it is respectfully submitted that Ms. Montgomery was merely a guest at that premises and did not have the authority to permit the police to enter any portion of the premises. As such, since the police entered into Mr. Horsch's home without a warrant, such entry was illegal.

7. In the alternative, Ms. Montgomery did not have the authority to permit the police to search the basement, an area where all of the marijuana plants in this case were found, and an area where Ms. Montgomery had never entered. In fact, she advised the police that the door was always locked and that there was a combination lock on that door.

8. Furthermore, when the police arrived, it was clear that Ms. Montgomery was highly intoxicated and, as such, her report of a burglar or prowler was totally unreliable, especially since the police found no evidence of a forced entry.

9. The evidence in this case should be suppressed for the following reasons:

    A. The person who permitted them to enter the premises had no authority to do so.

    B. After the police observed Ms. Montgomery, they should have realized that she was heavily under the influence and was not a reliable reporter of a burglar or prowler.

    C. After the police found that there was no burglar or prowler, their reentering into the premises or entry into the basement area to search the basement, where there was no evidence of

any illegal activity, was unauthorized as Ms. Montgomery had no authority to permit them to search that area of the house.

D.    The seizure of all the evidence was the poisonous fruit of the prior illegal police entries into the premises or the basement.

E.    There were no exigent circumstances which would have allowed the police to have legally entered the home and/or the basement without a warrant.

F.    The probable cause underlying the warrant was based upon the illegal police conduct.

G.    A Memorandum of Law will be submitted to the Court well prior to the Suppression Hearing being held.  To the extent that that Memorandum of Law raises and other grounds for relief, they are hereby incorporated by reference.

WHEREFORE, it is respectfully requested that this Honorable Court suppress all the physical evidence that was found in Mr. Horsch's home at 520 Airy Avenue, Chalfont, Pennsylvania.

Respectfully submitted,

Jerome M. Brown
Attorney for Petitioner
RAYMOND HORSCH

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :
         :
V.              :    CRIMINAL NO. 09-794
         :
RAYMOND HORSCH       :

## CERTIFICATE OF SERVICE

I, Jerome M. Brown, Esquire, HEREBY CERTIFY that a true and correct copy of the Motion to Suppress Physical Evidence has been served upon AUSA Elizabeth F. Abrams, 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106, by first class mail, postage prepaid, on the date below:

Date: 10/19/10

Jerome M. Brown
Attorney for Petitioner
RAYMOND HORSCH