RBS

27

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :

v. : CRIMINAL NO. 09-794

RAYMOND HORSCH

FILED
JAN 11 2011
MICHAEL E. KUNZ, Clerk
By ________ Dep. Clerk

## GOVERNMENT'S CHANGE OF PLEA MEMORANDUM

### I. BACKGROUND

The defendant, Raymond Horsch, has agreed to plead guilty to Counts Two, Three and Four of the superseding indictment, charging him with possession with intent to distribute more than 100 marijuana plants, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (Count Two), possession of short-barreled shotguns in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A) and (B)(i) (Count Three), possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Four), and not to contest forfeiture as set forth in the notice of forfeiture charging criminal forfeiture under 21 U.S.C. § 853 and 18 U.S.C. § 924(d) and in an attachment to the plea agreement, all arising from the defendant's operation of a marijuana growing facility in his home, and his illegal possession of two short-barreled shotguns and an M-1 carbine in furtherance of that business.[1]

### II. PLEA AGREEMENT

The defendant and the government have entered into a plea agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. An unexecuted copy of the plea agreement

1 The plea agreement erroneously states that the defendant possessed three short-barreled shotguns. Correction to the document will be made in Court at the time of the defendant's Change of Plea hearing.

is attached as Exhibit A. In summary, the defendant agrees to plead guilty to Counts Two, Three and Four in the superseding indictment; to cooperate with the government in connection with the crimes charged in the superseding indictment, and any other crimes about which he has knowledge; to waive his rights to appeal or collaterally attack his conviction, sentence or other matters relating to his prosecution; to forfeit his interest in specified property, to otherwise comply with the terms and conditions set forth in the plea agreement; and to pay the special assessment of $300 at such time as directed by the Court.

The government agrees that if it, in its sole discretion, determines that the defendant has fulfilled his obligations of cooperation, then at the time of sentencing, it will move to dismiss Count One of the superseding indictment, and bring to the Court's attention the nature and extent of the defendant's cooperation. The government also agrees that if it, in its sole discretion, determines that the defendant has fully cooperated and has rendered substantial assistance in the investigation or prosecution of others, it will file a motion stating that he has rendered substantial assistance in the investigation or prosecution of others, and will move the Court to depart from the Sentencing Guidelines range, and/or the applicable mandatory minimum sentence.

Pursuant to USSG § 6B1.4, the parties have entered into the following stipulations under the Sentencing Guidelines Manual. It is understood and agreed that: (1) the parties are free to argue the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics, criminal history, adjustments and departures; (2) these stipulations are not binding upon either the Probation Department or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be

imposed:

a. On or about July 22, 2009, the defendant possessed 455 marijuana plants with a total weight of 89.3 pounds.

b. Each marijuana plant is deemed to weigh 100 grams, as set forth in USSG § 2D1.1, Note E.

c. As of the date of the agreement, the defendant has demonstrated acceptance of responsibility for his offense making the defendant eligible for a 2-level downward adjustment under USSG § 3E1.1(a).

d. As of the date of the agreement, the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying the government of his intent to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, resulting in a 1-level downward adjustment under USSG § 3E1.1(b).

The defendant may not withdraw his plea because the Court declines to follow any recommendation, motion or stipulation by the parties to this agreement. No one has promised or guaranteed to the defendant what sentence the Court will impose. Once accepted by the Court, the defendant's plea is final and may not be withdrawn. The plea agreement contains all of the promises, agreements and understandings of the parties with respect to the plea.

## III. <u>ELEMENTS OF THE OFFENSES CHARGED</u>

To prove a violation of Title 21, United States Code, Section 841(a)(1), the government must prove the following elements of the crime beyond a reasonable doubt:

1. the defendant possessed with intent to distribute a controlled substance as described in the superseding indictment, here, marijuana plants;

2. the defendant knew the substance was a controlled substance;

3. the defendant intended to distribute the substance; and

4. the number of marijuana plants was 100 or more.

To prove a violation of Title 18, United States Code, Section 924(c), the government must prove the following elements of the crime beyond a reasonable doubt:

1. the defendant possessed a firearm;

2. in furtherance of a drug trafficking crime.

Because two of the firearms the defendant possessed were short-barreled shotguns, as alleged in the superseding indictment, the government would also have to prove that each of those firearms had one or more barrels less than 18 inches long, or an overall length of less than 26 inches. 18 U.S.C. § 921(a)(6). Cf. United States v. O'Brien, 130 S. Ct. 2169 (2010) (the 30-year mandatory minimum sentence provided in 18 U.S.C. § 924(c)(1)(B)(ii), for using, carrying or possessing a machinegun in relation to a crime of violence or a drug trafficking crime, is a statutory element which must be charged in the indictment and found by a jury beyond a reasonable doubt).

To prove a violation of Title 18, United States Code, Section 922(g), the government must prove the following elements of the crime beyond a reasonable doubt:

1. the defendant possessed a firearm;

2. the firearm is possessed in and affecting interstate or foreign commerce; and

3. prior to the defendant's possession of the firearm, he had been convicted of a crime punishable by imprisonment for more than one year.

## IV. STATUTORY MAXIMUM AND MANDATORY MINIMUM SENTENCES

The statutory maximum and mandatory minimum sentences are as follows: Count Two, possession with intent to distribute more than 100 marijuana plants, a Class A felony, lifetime imprisonment, a mandatory minimum 10-year prison sentence, a mandatory minimum 8-year period of supervised release up to lifetime supervised release, a $4,000,000 fine, and a $100 special assessment; Count Three, possession of short-barreled shotguns in furtherance of a drug trafficking crime, a Class A felony, lifetime imprisonment, with a mandatory minimum 10 years imprisonment to run consecutive to any other sentence imposed, a 5-year period of supervised release, a $250,000 fine and a $100 special assessment; Count Four, possession of a firearm by a convicted felon, a Class C felony, 10 years imprisonment, a 3-year period of supervised release, a $250,000 fine, and a $100 special assessment

Total Maximum and Mandatory Minimum Sentence is: lifetime imprisonment, 20 years mandatory minimum imprisonment, a mandatory minimum eight years supervised release up to a lifetime of supervised release, a $4,500,00 fine and a $300 special assessment. Forfeiture of any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of a drug trafficking offense also may be ordered. Forfeiture of the firearms and ammunition involved in the offenses may also be ordered. Probation is not available.

Supervised release may be revoked if its terms and conditions are violated. When supervised release is revoked, the original term of imprisonment may be increased by up to 5 years per count of conviction in the case of Class A felonies, or 2 years per count of conviction in the case of Class C felonies. Thus, a violation of supervised release increases the possible period

of incarceration and makes it possible that the defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.

## V. FACTUAL BASIS FOR THE PLEA

If this case were to proceed to trial, the government would introduce evidence, through witnesses and exhibits, that would establish the following facts:

On July 22, 2009, in the basement of Horsch's home at 520 Airy Street in Chalfont, Bucks County, New Britain Township Police discovered a marijuana grow lab. Police obtained a warrant and recovered a total of 455 marijuana plants (total weight 89.3 pounds), ziplock bags of processed marijuana and lab paraphernalia. The police obtained a second warrant for, among other things, firearms, after observing firearms in the house in the initial search.

Laboratory analysis shows that the plants seized from Horsch's basement were, in fact, marijuana plants.

Horsch had three firearms, including two sawed-off shotguns in his bedroom: (a) an Ithaca Gun Co. brand 12-gauge pump action shotgun, model 37, serial number 33802, with a barrel of 14 1/16 inches and an overall length of 24 7/8 inches; (b) a Belgian brand 16-gauge double barrel shotgun, serial number 19585, with a barrel of 11 3/16 inches and overall length of 19 3/8 inches, and (c) a U.S. Military M-1 carbine made by IBM Corporation, serial number 3702632. In addition, police also found the following ammunition in his home: (a) 250 cartridges of .30 caliber carbine ammunition, bearing "Sellier and Bellot" on the headstamp; (b) 10 16-gauge shotgun shells, bearing "Rottweil" on the headstamp; (c) 23 .410 caliber shotgun shells, bearing "Fiocchi" on the headstamp; (d) 23 16-gauge shotgun shells, bearing "Gamebore"

on the headstamp; (e) 1 spent 16-gauge shotgun shell, bearing "Gamebore" on the headstamp; and (f) 38 16-gauge shotgun shells, bearing "Fiocchi" on the headstamp

The government would present expert testimony to prove that Horsch grew and possessed the marijuana for purposes of distribution, and the three firearms were possessed in furtherance of that marijuana distribution business. In addition, a firearms expert would testify that the firearms Horsch possessed were operable, and the firearms and ammunition charged in the superseding indictment were manufactured outside of Pennsylvania.

Prior to July 22, 2009, Horsch had been convicted of a federal drug trafficking offense, a felony within the meaning of 18 U.S.C. § 922(g)(1).

This memorandum sets forth only the essential facts that would need to be proved to establish the elements of the offenses charged.

Respectfully yours,

ZANE DAVID MEMEGER
*United States Attorney*

/s/ Elizabeth Abrams
ELIZABETH ABRAMS
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I caused a true and correct version of the foregoing Government's Change of Plea Memorandum to be served via facsimile upon the following counsel of record

Jerome M. Brown, Esquire
Law Office of Jerome M. Brown
1628 John F. Kennedy Blvd, Suite 1000
Philadelphia, PA 19103
fax: 215-751-9739

/s/ Elizabeth Abrams
ELIZABETH ABRAMS
Assistant United States Attorney

Dated: January 5, 2011