RDS

28

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**UNITED STATES OF AMERICA** :

FILED
JAN 11 2011
MICHAEL E. KUNZ, Clerk
By ______ Dep. Clerk

**v.** : **CRIMINAL NO. 09-794**

**RAYMOND HORSCH** :

**GUILTY PLEA AGREEMENT**

Under Federal Rule of Criminal Procedure 11, the government, the defendant, and the defendant's counsel enter into the following guilty plea agreement. Any reference to the United States or the government in this agreement shall mean the Office of the United States Attorney for the Eastern District of Pennsylvania.

1. The defendant agrees to plead guilty to Counts Two, Three and Four of the superseding indictment charging him with possession with intent to distribute more than 100 marijuana plants, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), possession of short-barreled shotguns in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A) and (B)(i), possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and not to contest forfeiture as set forth in the notice of forfeiture charging criminal forfeiture under 21 U.S.C. § 853 and 18 U.S.C. § 924(d), all arising from the defendant's operation of a marijuana growing facility in his home, and his illegal possession of three short-barreled shotguns in furtherance of that business. The defendant further acknowledges his waiver of rights, as set forth in the attachment to this agreement.

2. The defendant agrees to pay the special victims/witness assessment in the amount of $300.00 before the time of sentencing and shall provide a receipt from the Clerk to the government before sentencing as proof of this payment.

3. The defendant agrees to pay a fine as directed by the Court. The defendant further agrees that forfeiture, fine, or other payments in this case do not constitute extraordinary acceptance of responsibility or provide any basis to seek a downward departure or variance from the applicable Sentencing Guidelines range.

4. The defendant agrees to forfeiture as provided in Attachment A to this agreement.

5. The defendant agrees to cooperate fully and truthfully with the government as follows:

a. Defendant agrees to provide truthful, complete and accurate information and testimony. The defendant understands that if he testifies untruthfully in any material way he can be prosecuted for perjury.

b. Defendant agrees to provide all information concerning his knowledge of, and participation in, marijuana trafficking and any other crimes about which he has knowledge. The defendant further understands and agrees that: (i) all information and cooperation provided after signing this agreement may be used for any purpose, including sentencing, and is not governed by any prior off-the-record proffer letter; and (ii) as of the date of the defendant's entry

of a guilty plea, all information provided under any prior off-the-record proffer letter may be used for any purpose, including sentencing, and is not governed by any prior off-the-record proffer letter.

c. Defendant agrees that he will not falsely implicate any person or entity and he will not protect any person or entity through false information or omission.

d. Defendant agrees to testify truthfully as a witness before any grand jury, hearing, or trial when called upon to do so by the government.

e. Defendant agrees to hold himself reasonably available for any interviews as the government may require.

f. Defendant agrees to provide all documents or other items under his control or which may come under his control which may pertain to any crime.

g. Defendant understands that his cooperation shall be provided to any federal or other law enforcement agency as requested by the government.

h. To enable the Court to have the benefit of all relevant sentencing information, the defendant waives any rights to a prompt sentencing, and will join any request by the government to postpone sentencing until after his cooperation is complete.

i. Defendant agrees and understands that this agreement requires that his cooperation regarding any matter about which the defendant has knowledge as of the date of sentencing may continue even after the time that the defendant is sentenced. The defendant agrees that if the government determines that the defendant has failed to cooperate: the sentence may be set aside at the government's request; any charges that were dismissed under this agreement shall be reinstated upon motion of the government; any prosecution may be based on and use any information provided by the defendant during the course of cooperation; and the government may withdraw any departure motion filed under USSG § 5K1.1, 18 U.S.C. § 3553(e) and/or Rule 35.

j. Defendant understands that it is a condition and obligation of this cooperation agreement that the defendant not commit any additional crimes after the date of this agreement.

k. Defendant agrees that if the government determines that the defendant has not provided full and truthful cooperation, or has not provided full and truthful information about the defendant's assets, income and financial status, or has committed any federal, state or local crime between the date of this agreement and his sentencing, or has otherwise violated any other provision of this agreement, then the government may at its option: (a) prosecute the defendant

for any federal crime including, but not limited to, perjury, obstruction of justice, and the substantive offenses arising from this investigation, based on and using any information provided by the defendant during the course of cooperation; (b) upon government motion, reinstate and try the defendant on any counts which were to be, or which had been, dismissed, based on and using any information provided by the defendant during the course of cooperation; (c) decline to file any motion under USSG. § 5K1.1, 18 U.S.C. § 3553(e) and/or Rule 35; (d) be relieved of any obligations under this agreement regarding recommendations as to sentence; and (e) be relieved of any stipulations under the Sentencing Guidelines. Moreover, the defendant's previously entered guilty pleas will stand and cannot be withdrawn by him.

l. The decision both as to whether the defendant has violated the terms of this agreement and the election of a remedy or remedies will be in the sole discretion of the government. The defendant understands and agrees that the fact that the government has not asserted a breach of this agreement or enforced a remedy under this agreement will not bar the government from raising that breach or enforcing a remedy at a later time.

6. Defendant waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

7. If the government in its sole discretion determines that the defendant has fulfilled all of his obligations of cooperation as set forth above, at the time of sentencing, the government will:

a. Move to dismiss Count One of the indictment. The defendant waives the statute of limitations as to Count One and agrees that if the defendant withdraws from, or successfully challenges, the guilty plea entered under this agreement, or if Count One is otherwise reinstated under the terms of this agreement, neither the statute of limitations nor the Double Jeopardy Clause will bar prosecution on the dismissed count.

b. Make the nature and extent of the defendant's cooperation known to the Court.

c. Move for departure from the Sentencing Guidelines pursuant to USSG § 5K1.1 and/or for imposition of a sentence below any mandatory minimum term of imprisonment pursuant to 18 U.S.C. § 3553(e), if the government, in its sole discretion, determines that the defendant has provided complete and substantial assistance in the investigation or prosecution of another person who has committed an offense, including testifying at any trial or proceeding as

required. The defendant understands and agrees that: (1) the government will exercise its sole discretion regarding whether and how to investigate any information provided by the defendant; (2) as of the date of this agreement no determination has been made as to the defendant's eligibility for either a § 5K1.1 or § 3553(e) motion; and (3) the government may refuse to file a § 5K1.1 or § 3553(e) motion if this plea agreement is breached in any way, including the commission of a crime after the date of this agreement.

d. Make whatever sentencing recommendation as to imprisonment, fines, forfeiture, restitution and other matters which the government deems appropriate.

e. Comment on the evidence and circumstances of the case; bring to the Court's attention all facts relevant to sentencing including evidence relating to the dismissed count, and to the character and any criminal conduct of the defendant; address the Court regarding the nature and seriousness of the offense; respond factually to questions raised by the Court; correct factual inaccuracies in the presentence report or sentencing record; and rebut any statement of facts made by or on behalf of the defendant at sentencing.

f. Nothing in this agreement shall limit the government in its comments in, and responses to, any post-sentencing matters.

8. The defendant understands, agrees and has had explained to him by counsel that the Court may impose the following statutory maximum and mandatory minimum sentences: Count One, manufacturing more than 100 marijuana plants, a Class A felony, lifetime imprisonment, a mandatory minimum 10-year prison sentence, a mandatory minimum 8-year period of supervised release up to lifetime supervised release, a $4,000,000 fine, and a $100 special assessment; Count Two, possession with intent to distribute more than 100 marijuana plants, a Class A felony, lifetime imprisonment, a mandatory minimum 10-year prison sentence, a mandatory minimum 8-year period of supervised release up to lifetime supervised release, a $4,000,000 fine, and a $100 special assessment; Count Three, possession of short-barreled shotguns in furtherance of a drug trafficking crime, a Class A felony, lifetime imprisonment, with a mandatory minimum 10 years imprisonment to run consecutive to any other sentence imposed, a 5-year period of supervised release, a $250,000 fine and a $100 special assessment; Count Four, possession of a firearm by a convicted felon, a Class C felony, 10 years imprisonment, a 3-year period of supervised release, a $250,000 fine, and a $100 special assessment

Total Maximum and Mandatory Minimum Sentence is: lifetime imprisonment, 20 years mandatory minimum imprisonment, a mandatory minimum eight years supervised release up to a lifetime of supervised release, an $8,500,00 fine and a $400 special assessment. Forfeiture of any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of a drug trafficking offense also may be ordered. Probation is not available.

The defendant further understands that supervised release may be revoked if its terms and conditions are violated. When supervised release is revoked, the original term of imprisonment may be increased by up to 5 years per count of conviction in the case of Class A

felonies, or 2 years per count of conviction in the case of Class C felonies. Thus, a violation of supervised release increases the possible period of incarceration and makes it possible that the defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.

9. The defendant may not withdraw his plea because the Court declines to follow any recommendation, motion or stipulation by the parties to this agreement. No one has promised or guaranteed to the defendant what sentence the Court will impose.

10. Pursuant to USSG § 6B1.4, the parties enter into the following stipulations under the Sentencing Guidelines Manual. It is understood and agreed that: (1) the parties are free to argue the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics, criminal history, adjustments and departures; (2) these stipulations are not binding upon either the Probation Office or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed:

a. The parties agree and stipulate that, on or about July 22, 2009, the defendant possessed 455 marijuana plants with a total weight of 89.3 pounds.

b. The parties agree and stipulate that each marijuana plant is deemed to weigh 100 grams, as set forth in USSG § 2D1.1, Note E.

c. The parties agree and stipulate that, as of the date of this agreement, the defendant has demonstrated acceptance of responsibility for his

offense making the defendant eligible for a 2-level downward adjustment under USSG § 3E1.1(a).

d. The parties agree and stipulate that, as of the date of this agreement, the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying the government of his intent to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, resulting in a 1-level downward adjustment under USSG § 3E1.1(b).

11. In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. This waiver is not intended to bar the assertion of constitutional claims that the relevant case law holds cannot be waived.

a. Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of his sentence.

b. If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal but may raise only claims that:

(1) the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth in paragraph 8 above;

(2) the sentencing judge erroneously departed upward pursuant to the Sentencing Guidelines; and/or

(3) the sentencing judge, exercising the Court's discretion pursuant to United States v. Booker, 543 U.S. 220 (2005), imposed an unreasonable sentence above the final Sentencing Guideline range determined by the Court.

If the defendant does appeal pursuant to this paragraph, no issue may be presented by the defendant on appeal other than those described in this paragraph.

The defendant also waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

12. By entering this plea of guilty, the defendant also waives any and all rights the defendant may have, pursuant to 18 U.S.C. §3600, to require DNA testing of any physical evidence in the possession of the government. The defendant fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the government and will therefore not be available for DNA testing in the future.

13. The defendant's rights under this agreement shall in no way be dependent upon or affected by the outcome of any case in which he may testify.

14. The defendant is satisfied with the legal representation provided by the defendant's lawyer; the defendant and this lawyer have fully discussed this plea agreement; and the defendant is agreeing to plead guilty because the defendant admits that he is guilty.

15. It is agreed that the parties' guilty plea agreement contains no additional promises, agreements or understandings other than those set forth in this written guilty plea agreement, and that no additional promises, agreements or understandings will be entered into unless in writing and signed by all parties.

ZANE DAVID MEMEGER
United States Attorney

RAYMOND HORSCH
Defendant

Christine E. Sykes for
PETER F. SCHENCK
Chief, Criminal Division
Assistant United States Attorney

JEROME M. BROWN or
MARC I. RICKLES
Counsel for Defendant
Marc I. Rickles

Eizal Alon
ELIZABETH ABRAMS
Assistant United States Attorney

Date: January 10, 2011

Attachment

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v. CRIMINAL NO. 09-794

RAYMOND HORSCH

ACKNOWLEDGMENT OF RIGHTS

I hereby acknowledge that I have certain rights that I will be giving up by pleading guilty.

1. I understand that I do not have to plead guilty.

2. I may plead not guilty and insist upon a trial.

3. At that trial, I understand

   a. that I would have the right to be tried by a jury that would be selected from the Eastern District of Pennsylvania and that along with my attorney, I would have the right to participate in the selection of that jury;

   b. that the jury could only convict me if all twelve jurors agreed that they were convinced of my guilt beyond a reasonable doubt;

   c. that the government would have the burden of proving my guilt beyond a reasonable doubt and that I would not have to prove anything;

   d. that I would be presumed innocent unless and until such time as the jury was convinced beyond a reasonable doubt that the government had proven that I was guilty;

   e. that I would have the right to be represented by a lawyer at this trial and at any appeal following the trial, and that if I could not afford to hire a lawyer, the court would appoint one for me free of charge;

   f. that through my lawyer I would have the right to confront and cross examine the witnesses against me;

   g. that I could testify in my own defense if I wanted to and I could subpoena witnesses to testify in my defense if I wanted to;

h. that I would not have to testify or otherwise present any defense if I did not want to and that if I did not present any evidence, the jury could not hold that against me.

4. I understand that if I plead guilty, there will be no trial and I would be giving up all of the rights listed above.

5. I understand that if I decide to enter a plea of guilty, the judge will ask me questions under oath and that if I lie in answering those questions, I could be prosecuted for the crime of perjury, that is, for lying under oath.

6. I understand that if I plead guilty, I have waived my right to appeal, except as set forth in appellate waiver provisions of my plea agreement.

7. Understanding that I have all these rights and that by pleading guilty I am giving them up, I still wish to plead guilty.

RAYMOND HORSCH
Defendant

JEROME M. BROWN or
MARC I. RICKLES
Counsel for the Defendant

ATTACHMENT A

1. The defendant agrees to the following:

a. The defendant represents that he has an interest in each of the following assets that is forfeitable pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 924(d), based upon his plea of guilty to the counts specified above. He further hereby forfeits his right, title and interest in the following assets and agrees that such assets (1) constitute or are derived from proceeds from marijuana manufacturing or trafficking; (2) were used or were intended to be used to commit or facilitate marijuana manufacturing or trafficking, or possession of a firearm by a convicted felon; or (3) were involved in marijuana manufacturing or trafficking:

1. Real property known as 520 Airy Avenue, Chalfont, Pennsylvania;
2. an Ithaca Gun Co. brand 12-gauge pump action shotgun, model 37, serial number 33802, with a barrel of approximately 14 1/16 inches and an overall length of approximately 24 7/8 inches;
3. a Belgian brand 16 gauge double barrel shotgun, serical number 19585, with a barrel of approximately 11 3/16 inches and overall length of approximately 19 3/8 inches;
4. a U.S. Military M-1 .30 caliber carbine made by IBM Corporation, serial number 3702632;
5. 250 cartridges of .30 caliber carbine ammunition, bearing "Sellier and Bellot" on the headstamp;
6. 10 16 gauge shotgun shells, bearing "Rottweil" on the headstamp;
7. 23 .410 caliber shotgun shells, bearing "Fiocchi" on the headstamp;
8. 23 16 gauge shotgun shells, bearing "Gamebore" on the headstamp;
9. 1 spent 16 gauge shotgun shell, bearing "Gamebore" on the headstamp;
10. 38 16 gauge shotgun shells, bearing "Fiocchi" on the headstamp; and
11. a Stun Master stun gun.

b. The defendant agrees to the entry of a preliminary order of forfeiture pursuant to Fed.R.Crim.P. 32.2(b) as soon as possible after the guilty plea and before sentencing. The defendant also consents to the interlocutory sale of any or all of the foregoing assets, upon motion of the government, following the entry of a preliminary order of forfeiture. Pursuant to Fed.R.Crim.P. 32.2(b)(3), the defendant further agrees that, upon the request of the government, the preliminary order of forfeiture may be made final before his sentencing.

c. The defendant agrees to surrender to the government possession of any personal property to be forfeited before sentencing. The defendant further agrees, with respect to any real property to be forfeited, that: the government may file a lis

pendens on the real property; the government shall have access to the real property for the purposes of inspection, appraisal and testing; and the defendant will take all actions and execute all documents requested by the government to effectuate the government's access to the real property. The defendant agrees that should he fail to timely satisfy these obligations, the government may elect to: void this agreement; void the forfeiture portion of the agreement and try the forfeiture before the Court and seek a larger forfeiture; consider such failure in deciding whether to file any motion under Guideline Section 5K1.1; argue that the defendant is not entitled to a downward adjustment for acceptance of responsibility under Guideline Section 3E1.1; and/or pursue any and all forfeiture remedies available at law or equity. The defendant agrees to waive any right to trial by jury on all forfeiture issues.

d. In the event that any claim is made by third parties to any of the assets listed at paragraph (a) above, the defendant agrees to forfeit substitute assets equal in value to those assets claimed by third parties.

e. The defendant agrees that he will cooperate with the government by taking whatever steps are necessary to pass clear title to the United States of the assets listed in paragraph (a) above, including, but not limited to, assisting in bringing any assets, or the proceeds from the sale of assets, located outside the United States within the jurisdiction of the United States, completing any legal documents required for the transfer of assets to the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture.

f. The defendant agrees to waive any claims, defenses or challenges arising under the Double Jeopardy or Excessive Fines Clauses of the Eighth Amendment, resulting from the forfeiture imposed as a result of this indictment and/or any pending or completed administrative or civil forfeiture actions and stipulates that such forfeiture is not grossly disproportionate to his criminal conduct.

g. The defendant agrees that the forfeiture requirements of this agreement do not amount to extraordinary acceptance of responsibility and do not constitute any basis for a downward departure under the Sentencing Guidelines.