IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 09-794 |
| | : | |
| RAYMOND HORSCH | : | |

**GOVERNMENT'S MOTION FOR**
**JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by and through it attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and Elizabeth Abrams, Assistant United States Attorney, respectfully requests entry of a judgment and preliminary order of forfeiture, and in support of this motion, the United States represents as follows:

1. The Notice of Forfeiture in the Superseding Indictment alleges that the defendant's interest in certain property was forfeitable as a result of the offenses charged in Counts One through Four of the Superseding Indictment.

2. On or about December 15, 2009, the defendant pled guilty to possession with intent to distribute 100 or more marijuana plants, in violation of 21 U.S.C. § (a)(1), (b)(1)(B), as charged in Count Two; possession of a short-barreled shotgun in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), (c)(1)(B)(i), as charged in Count Three; and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), as charged in Count Four.

3. As a result of his guilty plea to Count Two and executed plea agreement, the defendant is required, pursuant to 21 U.S.C. § 853, to forfeit his interest in any and all property constituting or derived from proceeds of a violation of 21 U.S.C. § 841(a)(1), and any and all property used or intended to be used to commit or facilitate a violation of 21 U.S.C. § 841(a)(1).

4. Further, as a result of his guilty plea to Counts Three and Four and executed plea agreement, the defendant is required, pursuant to 18 U.S.C. § 924(d), made applicably by 28 U.S.C. § 2461(c), to forfeit his interest in any and all firearms and ammunition involved in the commission of a violation of 18 U.S.C. § 924(c), in the commission of a violation of 18 U.S.C. § 922(g)(1).

5. The government avers that the following specific property is subject to forfeiture as a result of the defendant's guilty plea to the illegal acts alleged in Counts Two, Three and Four of the Superseding Indictment, and that the government has established the requisite nexus between the property listed below (hereinafter referred to as the "Subject Property") and the offenses of conviction:

a) an Ithaca Gun Co. brand 12-gauge pump action shotgun, model 37, serial number 33802, with a barrel of approximately 14 1116 inches and an overall length of approximately 24 7/8 inches;

b) a Belgian brand 16 gauge double barrel shotgun, serial number 19585, with a barrel of approximately 11 3/16 inches and overall length of approximately 19 3/8 inches;

c) a U.S. Military M-l .30 caliber carbine made by IBM Corporation, serial number 3702632;

d) any and all ammunition recovered during a search of the defendant's home on July 22, 2009, and listed in the Notice of Forfeiture contained in the superseding indictment; and

e) a Stun Master stun gun,

as property derived from the proceeds of a drug trafficking offense and/or used or intended to be used to facilitate drug trafficking offense, and, in the case of items a through d, above, the firearms and ammunition involved in the commission of the violations of 18 U.S.C. §§ 924(c) and 922(g)(1).

6. Pursuant to Rule 32.2(b)(2)(B), for the reasons stated above, the government requests that this Court enter the attached Judgment and Preliminary Order of Forfeiture prior to sentencing to allow the parties to suggest revisions or modifications before the Order becomes final as to the defendant under Rule 32.2(b)(4).

7. The government further requests that it be permitted, in its discretion, to serve the Judgment and Preliminary Order of Forfeiture directly on the defendant, and on any person known to have an interest in the Subject Property, in addition to service upon their attorneys, if they are represented.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

/s/
ELIZABETH ABRAMS
Assistant United States Attorney

Date: June 27, 2012

**CERTIFICATE OF SERVICE**

The foregoing Motion for Judgment and Preliminary Order of Forfeiture, and proposed Order, will be served electronically through the District Court Electronic Case System upon:

Jerome M. Brown, Esquire
1628 JFK Boulevard
Suite 1000, 8 Penn Center
Philadelphia, PA 19103

/s/
ELIZABETH ABRAMS
Assistant United States Attorney

Date: June 27, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 09-794 |
| | : | |
| RAYMOND HORSCH | : | |

**JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE**

IT IS HEREBY ORDERED THAT:

1. As the result of the defendant's guilty plea to Count Two of the Superseding Indictment, charging a violation of 21 U.S.C. § 841(a)(1), possession with the intent to distribute 100 or more marijuana plants, for which the Government sought forfeiture pursuant to 21 U.S.C. § 853, the defendant hereby forfeits to the United States all right, title and interest in the firearms and ammunition involved in the commission of the offense as charged in Count Two.

2. As the result of the defendant's guilty plea to Count Three of the Superseding Indictment, charging a violation of 18 U.S.C. § 924(c), possession of short barreled shotgun in furtherance of a drug trafficking crime; and Count Four of the Superseding Indictment, charging a violation of 18 U.S.C. § 922(g)(1), convicted felon in possession of a firearm, for which the Government sought forfeiture pursuant to 18 U.S.C. § 924(d), made applicable by 28 U.S.C. § 2461(c), the defendant hereby forfeits to the United States all right, title and interest in the property listed below.

3. The Court has determined that the following specific property is subject to forfeiture as a result of the defendant's guilty plea to the illegal acts alleged in Counts Two through Four of the Superseding Indictment, and that the government has established the requisite nexus between the property listed below (hereinafter referred to as the "Subject Property") and the offenses of conviction:

a) an Ithaca Gun Co. brand 12-gauge pump action shotgun, model 37, serial number 33802, with a barrel of approximately 14 1116 inches and an overall length of approximately 24 7/8 inches;

b) a Belgian brand 16 gauge double barrel shotgun, serial number 19585, with a barrel of approximately 11 3/16 inches and overall length of approximately 19 3/8 inches;

c) a U.S. Military M-l .30 caliber carbine made by IBM Corporation, serial number 3702632;

d) any and all ammunition recovered during a search of the defendant's home on July 22, 2009, and listed in the Notice of Forfeiture contained in the superseding indictment; and

e) a Stun Master stun gun,

as property derived from the proceeds of a drug trafficking offense and/or used or intended to be used to facilitate drug trafficking offense, and, in the case of items a through d, above, the firearms and ammunition involved in the commission of the violations of 18 U.S.C. §§ 924(c) and 922(g)(1).

4. Upon the entry of this Order, the United States is authorized to seize the Subject Property, described at paragraph 3 above, and to dispose of the Subject Property in accordance with Fed.R.Crim.P. 32.2(b)(3).

5. Pursuant to 21 U.S.C. § 853(n)(1), made applicable pursuant to 28 U.S.C. § 2461 (c), the United States Government shall put notice on an official internet government forfeiture site for 30 consecutive days, notice of the government’s intent to dispose of the Subject Property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the property subject to this Order must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The notice shall state that the petition shall seek a hearing to adjudicate the validity of the petitioner’s alleged interest in the Subject Property, shall be

signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

6. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is subject to the Judgment and Preliminary Order of Forfeiture, and to their attorney, if they are represented, as a substitute for published notice as to those persons so notified.

7. Any person, other than defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

8. Pursuant to Fed.R.Crim.P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. See United States v. Bennett, 423 F.3d. 271 (3rd Cir. 2005)(to be effective, a forfeiture order must be included in sentence and judgment).

9. Following the disposition of any petition filed under Fed.R.Crim.P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rule of Civil Procedure upon showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests.

11. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

12. In its discretion, the United States is authorized to serve a copy of this Order directly upon the defendant.

13. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to the United States Marshal Service and to counsel for the parties.

ORDERED this day of , 2012.

HONORABLE R. BARCLAY SURRICK
*Judge, United States District Court*