AP

RBS

45

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FILED

JUL 5 2012

MICHAEL E. KUNZ, Clerk
By ____ Dep. Clerk

UNITED STATES OF AMERICA :

v. : CRIMINAL NO. 09-794

RAYMOND HORSCH : FILED UNDER SEAL

ORDER

AND NOW, this 3rd day of July, 2012, upon consideration of the government's amended motion, pursuant to Section 5K1.1 and Title 18, United States Code, Section 3553(e), for a sentence below the mandatory minimum pertaining to Counts Two and Three, the Court enters this Order.

The Court finds as follows:

1. Nature of assistance. Section 5K1.1 lists as a relevant factor "the nature and extent of the defendant's assistance." In this case, the government advised that the defendant came forward with information about serious criminal conduct of others, and debriefed agents fully.

2. Significance of cooperation. Section 5K1.1 lists as a relevant factor "the court's evaluation of the significance and usefulness of the defendant's assistance,

taking into consideration the government's evaluation of the assistance rendered." In this case, much of the information provided by the defendant was investigated and deemed credible and reliable; however, in some instances, the agents could not identify the targets with sufficient specificity to further an investigation. Other information, although deemed reliable by the government, was of limited use due to the passage of time. Finally, some of the information was deemed helpful for intelligence purposes.

3. Reliability of information. Section 5K1.1 lists as a relevant factor "the truthfulness, completeness, and reliability of any information or testimony provided by the defendant." In this case, the government has advised that agents found the information provided by the defendant to be truthful and reliable. The information also appeared complete. As set forth above, however, the defendant's knowledge and information, although helpful in some instances, was not sufficient to permit the prosecution of others.

4. Danger to defendant. Section 5K1.1 lists as a relevant factor "any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance." In this case, the government has advised that it is not aware of any specific threats to the defendant; however, the crimes about which he provided information are extremely serious crimes frequently associated with violence. Therefore, the defendant's status as a person willing to cooperate with authorities has placed him at some current and future risk of harm or harassment.

5. Timeliness. Section 5K1.1 lists as a relevant factor "the timeliness of the defendant's assistance." In this case, the government advises that the defendant began cooperating shortly after coming into federal custody.

6. Other factors. This Court has considered other relevant factors in determining whether and to what extent to depart, including the nature of the defendant's offense and its impact on victims. In this case, the defendant's crimes did not have specific victims, and there is no information known to the government that the

defendant had criminal involvement in the serious crimes about which he had some knowledge and provided information.

Upon considering and balancing all of these factors, the Court determines that the defendant provided timely information regarding serious crimes, at some personal risk, and accordingly is entitled to a sentence below the recommended guideline sentence and mandatory minimum sentences applicable to Counts Two and Three of the superseding indictment. Therefore, the government's motion under Section 5K1.1 and 18 U.S.C. § 3553(e) is hereby granted, based on the defendant's substantial assistance in the investigation of others.

BY THE COURT:

The Honorable R. BARCLAY SURRICK
United States District Judge

Copies Mailed to Counsel
w/ copy of J&C to:
Rickles
Brown
Abrams 7-5-12