IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :

v. :                                              Criminal No. 09-794

RAYMOND HORSCH :

## JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

1.      As the result of the defendant's guilty plea to Count Two of the Superseding Indictment, charging a violation of 21 U.S.C. § 841(a)(1), possession with the intent to distribute 100 or more marijuana plants, for which the Government sought forfeiture pursuant to 21 U.S.C. § 853, the defendant hereby forfeits to the United States all right, title and interest in the firearms and ammunition involved in the commission of the offense as charged in Count Two.

2.      As the result of the defendant's guilty plea to Count Three of the Superseding Indictment, charging a violation of 18 U.S.C. § 924(c), possession of short barreled shotgun in furtherance of a drug trafficking crime; and Count Four of the Superseding Indictment, charging a violation of 18 U.S.C. § 922(g)(1), convicted felon in possession of a firearm, for which the Government sought forfeiture pursuant to 18 U.S.C. § 924(d), made applicable by 28 U.S.C. § 2461(c), the defendant hereby forfeits to the United States all right, title and interest in the property listed below.

3.      The Court has determined that the following specific property is subject to forfeiture as a result of the defendant's guilty plea to the illegal acts alleged in Counts Two through Four of the Superseding Indictment, and that the government has established the requisite nexus between the property listed below (hereinafter referred to as the "Subject Property") and the offenses of conviction:

a) an Ithaca Gun Co. brand 12-gauge pump action shotgun, model 37, serial number 33802, with a barrel of approximately 14 1116 inches and an overall length of approximately 24 7/8 inches;

b) a Belgian brand 16 gauge double barrel shotgun, serial number 19585, with a barrel of approximately 11 3/16 inches and overall length of approximately 19 3/8 inches;

c) a U.S. Military M-1 .30 caliber carbine made by IBM Corporation, serial number 3702632;

d) any and all ammunition recovered during a search of the defendant's home on July 22, 2009, and listed in the Notice of Forfeiture contained in the superseding indictment; and

e) a Stun Master stun gun,

as property derived from the proceeds of a drug trafficking offense and/or used or intended to be used to facilitate drug trafficking offense, and, in the case of items a through d, above, the firearms and ammunition involved in the commission of the violations of 18 U.S.C. §§ 924(c) and 922(g)(1).

4. Upon the entry of this Order, the United States is authorized to seize the Subject Property, described at paragraph 3 above, and to dispose of the Subject Property in accordance with Fed.R.Crim.P. 32.2(b)(3).

5. Pursuant to 21 U.S.C. § 853(n)(1), made applicable pursuant to 28 U.S.C. § 2461 (c), the United States Government shall put notice on an official internet government forfeiture site for 30 consecutive days, notice of the government's intent to dispose of the Subject Property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the property subject to this Order must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The notice shall state that the petition shall seek a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be

signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

6. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is subject to the Judgment and Preliminary Order of Forfeiture, and to their attorney, if they are represented, as a substitute for published notice as to those persons so notified.

7. Any person, other than defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

8. Pursuant to Fed.R.Crim.P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. See United States v. Bennett, 423 F.3d. 271 (3rd Cir. 2005)(to be effective, a forfeiture order must be included in sentence and judgment).

9. Following the disposition of any petition filed under Fed.R.Crim.P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rule of Civil Procedure upon showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests.

11. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

12. In its discretion, the United States is authorized to serve a copy of this Order directly upon the defendant.

13. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to the United States Marshal Service and to counsel for the parties.

ORDERED this 3ʳᵈ day of July , 2012.

HONORABLE R. BARCLAY SURRICK
*Judge, United States District Court*

Copies Mailed to Counsel w/
copies of J&C:
    Abrams
    Brown
    Ruckles
    7-5-12