**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>RAYMOND HORSCH | No. 2:09-cr-00794 |

**REPLY IN FURTHER SUPPORT OF**
**THE PHILADELPHIA INQUIRER, LLC'S**
**MOTION FOR ACCESS TO RECORDS**

In its October 27, 2026, response to The Inquirer's motion for access, the government states that it does not oppose permitting public access to the "motion[s]," "order[s]," "plea document[s]," "judicial document[s]," and "sentencing document" at docket entries 13, 17, 18, 21, 27, 28, 29, 37, 42 43, and 45, and to the transcript of the January 10, 2011, plea hearing referenced in entry 26. Gov't Response (Dkt. 63) at 5. The Court therefore should order that these records be unsealed and made publicly accessible without delay.

The Court also should order the unsealing of the two records for which the government does oppose public access: (1) a July 5, 2012 downward-departure motion at docket entry 44 and (2) the transcript from a June 28, 2012 sentencing hearing, referenced at entry 40. *See* Gov't Response (Dkt. 63) at 5. The government asserts that these documents should remain sealed because Raymond Horsch "entered a cooperation plea agreement with the government" and "[t]he information Hosch provided during his cooperation is law enforcement sensitive." *Id.* at 9-10. But the government does not demonstrate how—now that more than 14 years have passed and Horsch has died—whatever information Horsch provided in cooperation remains sufficiently "law enforcement sensitive" to overcome the strong presumption of access under the First Amendment and common law. *See* Mot. for Access (Dkt. 59) at 2-3 (describing the high bars that the First

Amendment and common law set for denying access, including the requirement that the court make specific findings on the record about the need for secrecy). Moreover, the public interest in these records is high. For they may shed light on (1) how and why Horsch—now linked to the disappearance of multiple women *after* his release from prison—received such a short sentence and (2) whether the government knew at the time that Horsch had been convicted in 2010 on state child-luring charges (which were dropped after Horsch appealed) or that Horsch often boasted publicly about other criminal conduct.

Finally, if the Court nonetheless determines that the government has met its burden to establish a continuing, weighty-enough "law enforcement sensitiv[ity]" as to any of the information contained in the downward-departure motion or in the sentencing hearing transcript, the Court should order redaction of that particular information instead of permitting continued sealing of the complete motion and transcript. *See United States v. Antar*, 38 F.3d 1348, 1363 (3d Cir. 1994) ("[N]ot only must a court ordering closure establish that an overriding interest compels some limitation upon the right of access, but it must also ensure that the limitation imposed is the least restrictive means possible.").

**STAPLETON SEGAL COCHRAN LLC**

October 28, 2026

By: /s/ *Eli Segal*
Eli Segal (PA ID 205845)
1760 Market Street, Suite 403
Philadelphia, PA 19103215.402.6555
esegal@stapletonsegal.com
*Attorneys for The Philadelphia Inquirer, LLC*

**CERTIFICATE OF SERVICE**

I, Eli Segal, hereby certify that, on October 28, 2026, I served a true and correct copy of the foregoing Reply in Further Support of The Philadelphia Inquirer, LLC's Motion for Access to Records on all counsel of record via the Court's Electronic Filing System.

/s/ *Eli Segal*
Eli Segal